UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ALVARO SESAM, CARLOS ALVAREZ, EDMIN
GARMENDIA, WILFREIDO LEON, JAIME
LOBOS, WILLIAM MARTINEZ, SANTIAGO
MARCOS MORALES, HINMER MORENO,
NEYS REYES MONTERO, FIDEL OCHOA, LUIS
SUICA, ALEX ZAPATA, and JOSE ZELAYA,
individually and on behalf of all others similarly
situated,

                          **MEMORANDUM & ORDER**
                          23-CV-1335 (MKB)

Plaintiffs,

v.

SUPERIOR STONE & INTERIORS, LLC,
KONSTANTINOS MANASAKIS, and PAUL
COLLINS,

Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Alvaro Sesam, Carlos Alvarez, Edmin Garmendia, Wilfreido Leon, Jaime Lobos, William Martinez, Santiago Marcos Morales, Hinmer Moreno, Neys Reyes Montero, Fidel Ochoa, Luis Suica, Alex Zapata, and Jose Zelaya commenced the above-captioned action individually and on behalf of all others similarly situated on February 20, 2023 against Defendants Superior Stone & Interiors, Konstantinos Manasakis, and Paul Collins. (Compl., Docket Entry No. 1.) Plaintiffs allege violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the New York Labor Law §§ 190 *et seq.* and 650 *et seq.*, and the Internal Revenue Code, Title 26 of the U.S. Code. (*Id.*)

      On November 18, 2024, Plaintiffs filed an unopposed motion to dismiss Sesam's claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter

jurisdiction. (Pls.' Mot. to Dismiss ("Pls.' Mot."), Docket Entry No. 41.) For the reasons explained below, the Court grants Plaintiffs' motion.

## I. Background

On December 20, 2022, almost nine weeks before Plaintiffs filed the Complaint, Sesam died of natural causes.[1] (Certificate of Death, annexed to Pls.' Mot. as Ex. A, Docket Entry No. 41-1.) Plaintiffs' counsel ("Counsel") was unaware of Sesam's death when he commenced this action with Sesam as the first named Plaintiff. (*See* Decl. of Eliseo Cabrera ("Cabrera Decl.") ¶¶ 14–15, 28, Docket Entry No. 29.) Before his death, Sesam had signed a letter of engagement with Counsel between May 2022 and June 2022 and, during conversations with Counsel and other personnel on November 9, 2022, and on or about December 14, 2022, confirmed factual allegations and approved the filing of the Complaint. (*Id.* ¶¶ 8–13, 28.)

On June 27, 2023, Defendants' counsel informed Counsel that Sesam had "recently passed away." (*Id.* ¶¶ 14–15.) On August 22, 2023, one of the Plaintiffs informed Counsel that Sesam had passed away in July of 2023. (Affirmation of Eliseo Cabrera ("Cabrera Affirmation") ¶ 3, annexed to Mot. to Withdraw, Docket Entry No. 24-1.) That same day, Sesam's widow confirmed to Counsel that Sesam had "recently passed away," (Cabrera Decl. ¶¶ 17–18, 28; *see* Cabrera Affirmation ¶ 4), and Counsel informed her that his firm could not continue to represent Sesam's interests until the administrator or executor of the estate is identified, (Cabrera Decl. ¶ 19). On December 7, 2023, and again in the first half of 2024, Sesam's widow advised Counsel that "she had not yet taken the steps necessary to establish the estate or have an administrator or executor appointed." (Cabrera Decl. ¶ 21; Cabrera Affirmation ¶ 5.)

On July 11, 2024, Counsel filed a motion to withdraw as Sesam's counsel of record

---

[1] The Certificate of Death lists Sesam's legal name as Alvaro Sesam Iboy.

because the estate did not have an administrator or executor, making "representation of Mr. Sesam and/or his estate in this action . . . unreasonably difficult" and "warranting withdrawal under Local Rule 1.4 and Rule 1.16 of the Model Rules of Professional Conduct." (Cabrera Affirmation ¶¶ 6–7; Notice of Mot. to Withdraw, Docket Entry No. 24). The motion to withdraw was the first notification to the Court of Sesam's death, purportedly one year earlier in July of 2023, (*see* Cabrera Affirmation ¶ 3).

On August 13, 2024, Magistrate Judge Dunst held a status conference, during which he granted Counsel leave to file a motion on or before October 11, 2024 to substitute Sesam as a party, pursuant to Rule 25(a) of the Federal Rules of Civil Procedure and ordered, *inter alia*, that the motion to withdraw be held in abeyance. (Civil Minute Entry, Docket Entry No. 27.) While preparing the motion to substitute, Counsel learned that Sesam's actual date of death was December 20, 2022, before Plaintiffs commenced this action. (Cabrera Decl. ¶ 28.) Counsel did not file a motion to substitute. On October 21, 2024, Judge Dunst ordered the parties to appear for a status conference on November 12, 2024. (Order dated Oct. 21, 2024.) Four days later, on October 25, 2024, the parties filed a joint status report that informally requested the Court to dismiss Sesam's claims without prejudice for lack of standing and informed the Court that Counsel had recently learned that Sesam died before Plaintiffs commenced the case. (Status Report Letter 1, Docket Entry No. 33.) On October 28, 2024, Judge Dunst denied the informal request to dismiss Sesam's claims for lack of standing and advised the parties to direct any such request to this Court in accordance with this Court's rules. (Order dated Oct. 28, 2024.)

## II. Discussion

### a. Standard of review

A district court may dismiss an action for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or

3

constitutional power to adjudicate it." *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova*, 201 F.3d at 113); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (per curiam) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). "'[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (first quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); and then quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)), *aff'd*, 561 U.S. 247 (2010)). Ultimately, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova*, 201 F.3d at 113); *see also Suarez v. Mosaic Sales Sols. U.S. Operating Co.*, 720 F. App'x 52, 53 (2d Cir. 2018) ("[T]he party asserting subject matter jurisdiction must demonstrate its existence by a preponderance of the evidence." (citing *Morrison*, 547 F.3d at 170)); *Clayton v. United States*, No. 18-CV-5867, 2020 WL 1545542, at *3 (E.D.N.Y. Mar. 31, 2020) (quoting *Tandon*, 752 F.3d at 243); *Fed. Deposit Ins. Corp. v. Bank of N.Y. Mellon*, 369 F. Supp. 3d 547, 552 (S.D.N.Y. 2019) (quoting *Tandon*, 752 F.3d at 243).

    **b.    The Court lacks subject-matter jurisdiction to adjudicate Sesam's claim**

Plaintiffs argue that "Sesam's claims must be dismissed" for lack of standing because "Sesam passed away before the action was filed" and therefore "did not legally exist at the time of filing." (Pls.' Mot. 3.) The Court agrees.

"The Constitution limits federal courts to deciding 'Cases' and 'Controversies.'" *FEC v.*

4

*Ted Cruz for Senate*, 596 U.S. 289, 295 (2022) (quoting U.S. Const. art. III, § 2). "'Standing to sue is a doctrine' that 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 183–84 (2d Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)); *see also Packer ex rel. 1-800-Flowers.Com, Inc. v. Raging Cap. Mgmt., LLC*, 105 F.4th 46, 51 (2d Cir. 2024) ("Article III of the Constitution requires that plaintiffs establish standing to sue in federal court." (footnote omitted)). "To establish Article III standing, 'a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.'" *Liu v. Democratic Nat'l Comm.*, No. 21-3021, 2022 WL 4372587, at *1 (2d Cir. Sept. 22, 2022) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)); *see also Packer*, 105 F.4th at 51 (same). "An injury in fact must be 'particularized,' and it must be 'concrete.'" *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022) (quoting *Spokeo, Inc.*, 578 U.S. at 340).

"[S]tanding is required for subject matter jurisdiction." *James v. Willis*, No. 21-501, 2022 WL 481812, at *1 (2d Cir. Feb. 17, 2022) (citing *Strubel v. Comenity Bank*, 842 F.3d 181, 187 (2d Cir. 2016)). "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (quoting *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005)); *see also Otrompke v. First Dep't Comm. on Character & Fitness*, No. 20-4107, 2021 WL 5764221, at *1 (2d Cir. Dec. 6, 2021) ("A district court lacks jurisdiction 'when . . . the plaintiff lacks constitutional standing to bring the action.'" (quoting *Cortlandt St. Recovery Corp*, 790 F.3d at 417)); *see also Citizens United to Protect Our Neighborhoods v. Vill. of Chestnut Ridge*, 98 F.4th 386, 391 (2d Cir. 2024) ("A district court

5

properly dismisses an action for lack of subject-matter jurisdiction under Rule 12(b)(1) 'if the court lacks the statutory or constitutional power to adjudicate it, such as when the plaintiff[s] lack[] constitutional standing to bring the action.'" (alterations in original) (quoting *Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 172 (2d Cir. 2021))). "Before deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter. Therefore, for a case to proceed, the party invoking federal jurisdiction must plausibly plead that it has standing to sue." *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205–06 (2d. Cir. 2019) (first citing *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014); then citing *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016)); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006) ("[S]ubject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection."); *Pan v. Whitaker*, 351 F. Supp. 3d 246, 249–50 (E.D.N.Y. 2019) ("[F]ederal courts have a continuing and independent duty to ensure that they possess subject matter jurisdiction, and must dismiss a case when they find subject matter jurisdiction lacking.").

"[S]tanding determinations must be made on the basis of what was known at the time a suit was initially filed." *Hargrave v. Vermont*, 340 F.3d 27, 34 n.7 (2d Cir. 2003) (citing *Comer v. Cisneros*, 37 F.3d 775, 791 (2d Cir.1994)); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569–71 n.4 (1992) ("The existence of federal jurisdiction ordinarily depends on the facts *as they exist when the complaint is filed.*"); *Metcalf v. TransPerfect Translations Int'l, Inc.*, 632 F. Supp. 3d 319, 337–38 (S.D.N.Y. 2022) ("It is black-letter law that 'the jurisdiction of the court depends upon the state of things at the time of the action brought'" and "when considering *facts* that impact jurisdiction, the court must consider them as they existed at the time of the filing of the action[.]" (first quoting *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004); and then citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007))).

6

Sesam died 62 days before Counsel filed the Complaint with the Court and therefore Sesam lacked Article III standing to bring his claims against Defendants. At the time the suit was filed, Sesam did not legally exist. *See House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 787 (4th Cir. 2019) ("[A]t the outset of this suit filed in [plaintiff's] name, [plaintiff] was deceased; for legal purposes, he did not exist."); *In re Proton-Pump Inhibitor Prods. Liab. Litig.*, No. 17-MD-2789, 2022 WL 17850260, at *2 (D.N.J. Dec. 22, 2022) ("[A] person who is deceased does not have legal existence."); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 311 F.R.D. 152, 156 (E.D. Pa. 2015) ("[T]he deceased [plaintiffs] had no legal existence when their complaints were filed"); *In re Aredia and Zometa Prods. Liab. Litig.*, No. 6-MD-1760, 2012 WL 2015791, at *1 (M.D. Tenn. June 5, 2012) ("A deceased person is a non-existent entity and cannot be a party to a lawsuit."); *Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (2003) ("A person who dies prior to filing suit is not a legal entity."); *see also Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 260 (S.D.N.Y. 1968) ("An action cannot be brought by a deceased [person]."). "[A]bsent a plaintiff with legal existence, there can be no Article III case or controversy," *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 384–85 (2d Cir. 2021) (quoting *House*, 796 F. App'x at 787), and "[a] deceased plaintiff simply no longer has a cognizable interest in the outcome of litigation such as this," *Billino v. Citibank*, N.A., 123 F.3d 723, 725 (2d Cir. 1997). *See LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 953 (9th Cir. 2020) ("[T]he dead lack the capacities that litigants must have to allow for a true Article III case or controversy. We find this obvious, but sometimes stating the obvious is necessary."); *Maldonado v. Town of Greenburgh*, No. 18-CV-11077, 2024 WL 4336771, at *22 (S.D.N.Y. Sept. 26, 2024) ("The rationale is that "[a]fter death, one . . . has no cause of action[.]" (internal quotation marks and citation omitted)); *Est. of Devins v. Oneida Cnty.*, No. 21-CV-0802, 2022 WL 4549228, at *10 (N.D.N.Y. Sept. 29, 2022) ("Critical to the [c]ourt's [standing]

analysis is the fact that, '[a]fter death, one is no longer a person within our constitutional and statutory framework, and has no rights of which he [or she] may be deprived.'" (quoting *Infante v. Dignan*, 782 F. Supp. 2d 32, 38 (W.D.N.Y. 2011) (alteration in original))).

Moreover, a deceased person cannot satisfy the "standing trifecta of injury, causation, and redressability" and a court cannot actually "offer redress to a deceased person." *House*, 796 F. App'x at 787. *See Harris v. U.S. Bank Nat'l Ass'n as Tr. for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2004-2*, No. 20-2005, 2021 WL 7542603, at *3 (6th Cir. Sept. 10, 2021) (dismissing the named plaintiff's appeal for lack of standing because "she was deceased at the time of filing"); *House*, 796 F. App'x at 784 ("[A] deceased plaintiff lacks Article III standing."); *Hernandez v. Smith*, 793 F. App'x 261, 265 (5th Cir. 2019) (noting that plaintiff "did not have standing to sue because she was deceased"); *see also In re 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) ("[O]ne elemental precondition for meeting the case-or-controversy requirement is a claimant with standing. There is no plaintiff with standing if there is no plaintiff." (citation omitted)).

Accordingly, the Court dismisses Mr. Sesam's claims without prejudice. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("[W]here a case is dismissed for lack of Article III standing, as here, that disposition cannot be entered with prejudice, and instead must be dismissed *without prejudice*."); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist."); *Pereira v. Town of N. Hempstead*, 682 F. Supp. 3d 234, 248 n.16 (E.D.N.Y. 2023) ("[D]ismissal for lack of subject matter jurisdiction must be without prejudice." (internal quotation marks and citation omitted)).

## III. Conclusion

For the foregoing reasons, the Court dismisses Mr. Sesam's claims for lack of subject-matter jurisdiction without prejudice.

Dated: December 3, 2024
       Brooklyn, New York

SO ORDERED:

_____/s/MKB_____
MARGO K. BRODIE
United States District Judge